IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:08-cv-00412-FDW
(3:06-cr-00430-FDW)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>NICHOLAS DIBRUNO, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER comes now before the Court upon Defendant's pro se "Motion for Reduction of Sentence" (Case No. 3:08-cv-412, Doc. No. 1; Case No. 3:06-cr-430, Doc. No. 125). Under Defendant's Plea Agreement, Defendant has waived all appeal and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. In the instant Motion, Defendant claims that his level of assistance to the Government entitles him to a reduction in sentence pursuant to Federal Rule of Criminal Procedure 35(b). Because a Rule 35(b) motion must be made by the Government, not the Court, Defendant's Motion appears to allege prosecutorial misconduct. The time for noting a direct appeal has long since expired. Thus, the Court hereby GIVES NOTICE under Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize Defendant's letter as a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. This recharacterization means that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." Castro, 540 U.S. at 383. If Defendant objects to this recharacterization, he has thirty (30) days, **on or before October 6, 2008**, "to withdraw the motion or amend it so that it contains *all* the § 2255 claims he believes he has." Id. at 383 (emphasis added); see also United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

IT IS SO ORDERED.

Signed: September 5, 2008

Frank D. Whitney
United States District Judge